# VIRGINIA DECISIONS.

## CASH

*v.*

## COMMONWEALTH.

*(Supreme Court of Appeals of Virginia, Jan. 17, 1895.)*

[20 S. E. Rep. 893.]

**Criminal Law—Homicide—Review on Appeal.**

Where the record shows that the defendant pleaded "Not guilty," the supreme court will disregard an exception that the prisoner was tried without a plea.

**Same—Same—Proof of Venue.**

The evidence showed that the murder for which the defendant was convicted was committed on a farm in the county wherein the accused was tried: *held*, that the venue was proved.

**Same—Verdict Contrary to Weight of Evidence—New Trial.\***

On a trial for murder, where some evidence has been given which tends to prove the fact in issue, or the evidence consists of circumstances and presumptions, a new trial will not be granted merely because the court, if upon the jury, would have given a different verdict. To warrant a new trial in such cases, the evidence should be plainly insufficient to warrant the finding of the jury.

**Appellate Practice—Evidence Certified—Rule of Decision.†**

Where the evidence is certified, and not the facts proved, under section

---

**\*Verdict Contrary to Weight of Evidence—New Trial.**

For the rule as to when the court will grant a new trial on the ground that the verdict is contrary to the weight of the evidence, see a large collection of cases in a foot-note to Blosser *v.* Harshbarger, 21 Gratt. 214 (Va. Reps. Anno.), where the principal case is cited.

**†Appellate Practice—Evidence Certified—Rule of Decision.**

For the proposition that where, under sec. 3484 of the Code of 1887, the

3484, Code 1887, the case stands as upon a demurrer to appellee's evidence.

### Criminal Law—Voluntary Manslaughter—Evidence—Case at Bar.

The evidence showed that defendant was present at a murder committed during a drunken brawl; that the murdered man was struck with a blunt instrument, and the accused was seen at the time and place of the murder with a piece of rail; that, on his way home that night, the accused said not to mind about "the murdered man," that he had been bulldozing around there long enough, but "I've fixed him tonight," and that the accused admitted to his brother that he struck deceased: *held*, that a verdict of guilty, voluntary manslaughter, and an imprisonment for five years, would not be set aside.

Error to circuit court, King George county.

The plaintiff in error, Edgar Cash, was tried for the murder of one Henry Speaks, and convicted by the jury of voluntary manslaughter, and sentenced for five years to the penitentiary. The facts referred to as being in bill of exceptions No. 2, page 11 of the record, are that after the first list and first venire facias in this cause were issued, on Saturday, the 7th day of April, the prisoner moved to quash the writ of venire facias, which, before trial, was done; and on Monday, the 9th day of April, issued a new writ of venire facias, taking a new list furnished the sheriff on the last-named day, which said list and venire facias, before service, were changed by the court by the erasure of the name of one venire man, and the substitution of another, on both list and writ; and therefore the prisoner moved the court to quash said writ, which was overruled.

*W. A. Rose*, for plaintiff in error.

*R. Taylor Scott, Atty. Gen.*, for the Commonwealth.

CARDWELL, J., delivered the opinion of the court.

evidence is certified, the case stands in appellate court as upon a demurrer to the evidence, see a large collection of cases in monographic note on "Bills of Exception" appended to Stoneman *v.* Com., 25 Gratt. 887 (Va. Reps. Anno.).

Edgar Cash was convicted of voluntary manslaughter in the county court of King George county, at the April term, 1894, upon an indictment charging him, together with Henry Campbell, Henry Hall, Jefferson Cash, and Needham Williams, with the murder of one Henry Speaks, and his punishment fixed by the jury at five years' confinement in the state penitentiary. A motion for a new trial was made, and refused by the county court; and, upon application to the judge of the circuit court of King George county, a writ of error to the county court was refused. To this refusal by the judge of the circuit court, a writ of error was awarded by one of the judges of this court.

The petition of the plaintiff for this writ of error alleges the following errors of the county court, namely: First, that the accused was tried without a plea; second, that no venue was proven; third, that the court erred in refusing to quash the venire facias on Monday, April 9, 1894, on the ground that the court, after said writ was returned executed, erased therefrom the name of a venire man, and inserted therein the name of another, etc.; and that the county court erred in overruling the motion of the accused to set aside the verdict of the jury, and grant him a new trial, on the ground that the said verdict is contrary to the law and the evidence, etc.; and, further, that the county court erred in not granting the accused a new trial on the alleged after-discovered evidence of one Henry Campbell.

Taking the errors assigned in their order, we come, first, to the question whether or not the accused was tried without a plea. The record, in the bill of exceptions No. 1 (page 10 of the printed record), shows that the plea of "Not guilty" was entered, and that the record of the trial court so showed, and that no objection was made to the record by the prisoner; hence this assignment of error is not well grounded.

2. Was the venue proven? The evidence shows conclusively that the murder of Henry Speaks was committed at a cabin on

the Chatterdon farm, and that said farm is in King George county, thus disposing of this assignment of error.

3. The facts upon which this third assignment of error is made are not sustained by the record, but the contrary is shown in bill of exception No. 2 (page 11 of printed record). Thus, this assignment of error is disposed of, and brings this court to the real question in the case, to wit : Is the evidence plainly insufficient to warrant the finding of the jury, and did the county court err in refusing to set the verdict aside, and grant the accused a new trial, on the ground that the verdict is contrary to the law and the evidence, or did the court err in refusing to grant the accused a new trial on the alleged after-discovered evidence of Henry Campbell?

The case stands upon a demurrer to the commonwealth's evidence, "the evidence" being certified, and not "the facts proved." Code Va. § 3484, amended by Acts 1891–92, p. 962. This court, in Grayson's Case, 6 Grat. 712, and in Blosser v. Harshbarger, 21 Grat. 214, established the rules which are adopted and reaffirmed in Pryor's Case, 27 Grat. 1009, governing the granting of new trials. They are as follows : First. "Where the verdict is against law. This occurs where the issue involves both law and fact, and the verdict is against the law of the case upon the facts proved." Second. "Where the verdict is contrary to the evidence. This occurs where the issue involves matter of fact only, and the fact proved required a different verdict from that found by the jury." Third. "Where the verdict is without evidence to support it. This occurs where there has been no proof whatever of a material fact, or not sufficient evidence of the fact or facts in issue. Where some evidence has been given which tends to prove the fact in issue, or the evidence consists of circumstances and presumptions, a new trial will not be granted merely because the court, if upon the jury, would have given a different verdict. To warrant a new trial in such cases, the evidence should be plainly insufficient to warrant the finding of

the jury.'' The first rule thus laid down has no application to this case, as the issue does not involve both law and fact; and we are therefore to be governed by the second and third in disposing of the case here. We are of opinion that the evidence in this case is not only not plainly insufficient, but fully warrants the finding of the jury. The evidence shows that the accused, Edgar Cash, was at the cabin on Chatterdon farm (the scene of the murder) on the night of March 10, 1894; that he was engaged in the row or drunken brawl that resulted in the killing of Henry Speaks; that the murdered man was struck with some blunt instrument; that the accused was seen in the yard and in the crowd, when the fatal blow was struck, with a piece of rail answering to the description of the instrument with which the murder was committed, according to the physicians who made the autopsy; that the accused, on his way home that night, after the killing took place, in referring to the victim, Henry Speaks, said to Manuel Williams, a witness examined for the commonwealth, ''Never mind about him. The son of a bitch has been bulldozing around here long enough, but I've fixed him to-night. Come along;'' and that the accused, at his house the next morning, told his brother Jefferson Cash, another witness examined for the commonwealth, that ''he [Cash] struck the deceased.'' Upon this testimony, we think that the verdict of the jury is fully justified, and are therefore of opinion that there is no error in any of the rulings of the county court, and that the judgment of the said court, and of the circuit court of King George county approving the same, must be affirmed.